# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Marvin Lee Williams #333927, | No. 6:17-735-RMG |
| Petitioner, | |
| v. | ORDER AND OPINION |
| Warden Dennis Bush, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Respondent's motion for summary judgment be granted and Petitioner's petition for habeas relief be dismissed. For the reasons set forth below, the Court adopts the Report and Recommendation, grants Respondent's motion for summary judgment, and dismisses the petition for habeas relief.

## I. Background

Petitioner was indicted in June 2008 for grand larceny, ten counts of assault and battery with intent to kill and assault and battery of a high and aggravated nature, and weapons charges. On March 31, 2009, a competency hearing was held, and Petitioner was found competent to stand trial. Petitioner then pleaded guilty. He was sentenced to 38 years imprisonment.

Petitioner appealed his convictions, arguing the trial court should have ordered a second psychiatric evaluation. The South Carolina Court of Appeals affirmed the convictions on April 12, 2011. Petitioner did not seek review in the South Carolina Supreme Court. Instead, on May 2, 2011, Petitioner filed an application for post-conviction relief ("PCR"), arguing trial counsel was ineffective for failing to request an *M'Naughten* evaluation and failing to investigate the possibility of an insanity defense. After a hearing, the PCR application was denied. Petitioner

filed a petition for a writ of certiorari with the South Carolina Supreme Court, which was denied. The remittitur was filed in the Colleton County Clerk's office on December 21, 2015.

On March 17, 2017, Petitioner, represented by counsel, filed the present petition for habeas relief under 28 U.S.C. § 2254. Petitioner argues plea counsel was ineffective for failing to request an *M'Naughten* evaluation and for failing adequately to advise Petitioner of the consequences of pleading guilty. Petitioner also argues as a third ground for relief that PCR counsel was ineffective for failing to call an expert witness. On December 1, 2017, the Magistrate Judge recommended the petition be dismissed as time-barred under 28 U.S.C. § 2244(d). Petitioner filed no objections to the Report and Recommendation.

## II. **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n. 9 (4th Cir.2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored" though

the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III. Discussion

A petition for habeas corpus must be filed within one year of the latest of several triggering dates given by statute. 28 U.S.C. § 2244(d)(1). The most common triggering date is the denial of Petitioner's direct appeal to the state court of last resort. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period accrues on the day following the date of state court of last resort's decision, not the date of issuance of its mandate or remittitur. *Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012). Here, there was no direct appeal to the South Carolina State Supreme Court. In such cases, the triggering date is the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

The one-year limitations period is tolled during the pendency of PCR proceedings. 28 U.S.C. § 2244(d)(2). The PCR tolling period begins when an initial PCR application is properly filed in state court. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). It includes the time during which the denial of the PCR application is on appeal within state courts, including the time between the PCR court's denial of the application and the filing of a timely notice of appeal. *Evans v. Chavis*, 546 U.S. 189, 191, 198, 201 (2006). But it does not include certiorari review by the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007). The tolling period ends when the final state appellate decision affirming denial of the application is filed in the state circuit court. *Beatty v. Rawski*, 97 F. Supp. 3d 768, 780 (D.S.C. 2015).

The Magistrate Judge correctly calculates that the statute of limitations ran for four days following Petitioner's direct appeal of his convictions, leaving 361 untolled days following the filing of the remittitur from the South Carolina Supreme Court's denial of certiorari regarding Petitioner's PCR application in the Colleton County Clerk's office on December 21, 2015.

Accordingly, the statute of limitations expired on December 17, 2016. The present petition, filed on March 17, 2017, is 91 days late. Petitioner concedes that the petition is untimely, but argues the limitations period should be equitably tolled.

The Supreme Court has held that the statute of limitations for habeas petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The limitations period should be equitably tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562. Petitioner argues he is entitled to equitable tolling because his purported mental impairment interfered with his ability to file a timely petition. "In order to establish equitable tolling due to mental impairment, a petitioner must make a threshold showing of incompetence and also demonstrate that such incompetence affected his ability to file a timely habeas petition." *Griffin v. Ransom*, C.A. No. 5:16-HC-2149-FL, 2017 WL 1628883, at *4 (E.D.N.C. Apr. 28, 2017) (citation omitted). The Magistrate Judge determined that Petitioner "has failed to make the required showing that he is entitled to equitable tolling" because he "has made no showing of mental incompetence during the pertinent time period nor has he shown how his alleged mental issues prevented him from timely pursuing his federal habeas petition." (Dkt. No. 14 at 10–11.) The Court agrees. Moreover, Petitioner, represented by counsel, has not objected to that determination.

Petitioner's petition for habeas relief is untimely by 91 days and Petitioner has not made the required showing for equitable tolling of the limitations period. The Court therefore adopts the Report and Recommendation, grants Respondent's motion for summary judgment, and dismisses the time-barred petition for habeas relief.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, **GRANTS** Respondent's motion for summary judgment, and **DISMISSES** the petition for habeas relief.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 28, 2017
Charleston, South Carolina